(June 10, 1996)

■ ALLSTATE INSURANCE COMPANY, Respondent, v VIRGINIA BEN-ARI, Appellant. [643 NYS2d 671]

The subject insurance policy contains a provision permitting either party to demand a trial de novo where, as here, the amount of the arbitration award exceeds the limit specified by Insurance Law § 3420 (f) (1). The right to make such a demand is linked, however, to the procedures governing common-law arbitration proceedings. In this case, the parties proceeded to arbitration in accordance with the rules applicable to the American Arbitration Association, and not in accordance with the policy provisions. Under the circumstances, we conclude that the appellant was not entitled to invoke the trial de novo provision of the policy (*see, Matter of Eckart v Aetna Cas. & Sur. Co.*, 208 AD2d 533). Rosenblatt, J. P., Copertino, Santucci and Goldstein, JJ., concur.

Sullivan, J., concurs in the result with the following memorandum. I agree with my colleagues that the order of the Supreme Court should be reversed but I do so for a different

reason. It is well settled that the terms and conditions of underinsurance arbitration are controlled by the arbitration clause in the policy applicable to underinsurance. Unfortunately, Allstate Insurance Company (hereinafter Allstate) has not included the underinsurance endorsement in the record, but has included several sheets entitled "Endorsements (New York)" which purports in Section VI to replace language for the second paragraph of the arbitration provision. However, we do not know what that original arbitration provision states.

In paragraph seventh of the complaint, Allstate purports to quote from Part IV, Section I of the policy issued to their insured in this case. The defendant has denied that allegation and argues on this appeal that such a provision does not exist. The only policy in this record was submitted by the defendant and does not contain the arbitration clause referred to in the complaint. I agree with the defendant that Allstate has failed to defeat the defendant's motion for summary judgment *(see, Freedman v Chemical Constr. Corp.,* 43 NY2d 260).

Since the basic underinsurance clause is not in the record, I cannot conclude that *Matter of Eckart v Aetna Cas. & Sur. Co.* (208 AD2d 533) is in any way applicable. In *Eckart,* it appears that the possibility of a trial de novo was limited to situations in which common-law arbitration was employed. Without the entire underlying arbitration clause, we do not know if that is the situation in this case.